"This case is before the court, without oral argument, on defendant’s motion to dismiss pursuant to 28 U.S.C. § 1500 (1970), which denies jurisdiction to this court of any claim against the United States which plaintiff has pending in any other court.
"The plaintiffs are holders of bonds issued by the City of East St. Louis in connection with the Martin Luther King Bridge spanning the Mississippi River between Missouri and Illinois. Debt service on the bonds was supported solely by tolls from the operation of the bridge. The plaintiffs allege that, as a result of the opening of a new toll-free bridge built by the United States and the Department of Transportation of the State of Illinois in cooperation with the City of East St. Louis (which had covenanted under the trust agreement for plaintiffs’ bonds not to allow the *907 construction of an additional bridge within the city limits), the revenues generated from the tolls became inadequate to cover even the maintenance of the bridge. On January 1, 1974 a default occurred on the payment of some of the bonds. The petition in the instant case was filed on February 24, 1977. The plaintiffs both on their own behalf and on behalf of other bondholders under the same trust agreement contend that they have suffered a deprivation of property without just compensation and also allege claims under various sections of Title 23 of the United States Code.
"The defendant urges that the case be dismissed pursuant to 28 U.S.C. § 1500 (1970), since in Jackson Sawmill Co. v. United States, C.A. No. 76-596C(3) (E.D. Mo.) (filed June 30, 1976) the named plaintiffs, who differ from those in the instant case, make virtually identical claims on their own behalf and on behalf of other bondholders under the trust agreement, whose class they seek to represent, as do the plaintiffs before this court.
"The plaintiffs in their Resistance to Motion to Dismiss Pending Petition for Damages state that they have no other case pending against the United States. In addition, they declare that if they should receive notice that the Jackson Sawmill case has been certified as a class action, they will request exclusion therefrom. Also, on August 4, 1977, an order was filed in Jackson Sawmill dismissing the case with prejudice in regard to the United States, William T. Coleman, the Secretary of Transportation of the United States, William Mason, the Mayor of the City of East St. Louis, and Jack Curtis, the Chairman of the State Highway Commission of Missouri.
"There are two reasons for denying the defendant’s motion. First, the Jackson Sawmill case has been dismissed as against the federal defendants in that case (including the United States) and therefore 28 U.S.C. § 1500 can no longer apply. Second, none of the plaintiffs in the case at bar is a plaintiff in the Jackson Sawmill case and none intends to participate in a class action in the district court case, if it should be certified as a class action. For these two reasons it is clear that there is no basis under 28 U.S.C. § 1500 (1970), either for dismissing the action or for staying *908 further action pending the outcome of the proceedings in the district court case.[1]
"it is therefore ordered and concluded that defendant’s Motion to Dismiss the Petition be denied and that the case be remanded to the Trial Division for further proceedings.[2]
On November 25, 1977 the court denied defendant’s motion for rehearing to alter and amend the judgment entered September 30, 1977, provided that the trial judge may have discretion to stay further proceedings in this case until disposition by the Circuit Court of Appeals of the appeal referred to by the parties in the said motion and opposition thereto.

 In Alden v. United States, Ct. Cl. No. 167-75 (order filed February 13, 1976), the defendant urged dismissal of the case under 28 U.S.C. § 1500 (1970) on the ground that plaintiffs had pending a tort action against the United States and its agents arising from the same factual circumstances. The court concluded, however, that the interests of justice would be better served by staying the proceedings pending the outcome of the district court action or for a period of six months, whichever came first. The same type of suspension has been ordered or put into effect in a number of other cases.

 Defendant’s motion (filed June 24, 1977) to file out of time its motion to stay proceedings on plaintiffs’ motions filed February 24, March 15, and April 5, 1977, is granted, as is the accompanying motion to stay proceedings on those three motions of plaintiffs. The plaintiffs’ said three motions are referred to the trial judge for appropriate action.